UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO. 8:14-cv-3122-T-33TBM

CAPRIOLA CORP. and
LASER PEG VENTURES, LLC,

   Plaintiffs,

          v.

HAMPTON DIRECT, INC., and
ON DEMAND DIRECT RESPONSE, LLC,

   Defendants.
_____/

HAMPTON DIRECT, INC.,

   Counter-Plaintiff,

          v.

CAPRIOLA CORP. and
LASER PEG VENTURES, LLC,

   Counter-Defendants.
_____/

ON DEMAND DIRECT RESPONSE II, LLC,

   Counter-Plaintiff,

v.

CAPRIOLA CORP. and
LASER PEG VENTURES, LLC,

   Counter-Defendants.
_____/

## **CONSENT FINAL JUDGMENT**

THIS CAUSE came before the Court upon consideration of the Joint Motion for Entry of Consent Final Judgment between Plaintiffs CAPRIOLA CORP. and LASER PEGS

VENTURES, LLC. (collectively "Plaintiffs"), Defendants HAMPTON DIRECT, INC. and ON DEMAND DIRECT RESPONSE II, LLC, mistakenly sued as On Demand Direct Response, LLC, (collectively "Defendants"), and Counter-Plaintiffs HAMPTON DIRECT, INC. and ON DEMAND DIRECT RESPONSE II, LLC (both Plaintiffs, Defendants, and Counter-Plaintiffs defined as "Parties" and each individually a "Party").

It appearing that the Parties have arrived at a settlement of Plaintiffs' claims as well Defendants' respective counterclaims subject to the terms of the Settlement Agreements dated February 19, 2015 and April 17, 2015 and have stipulated and consented to the relief set forth herein, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** as follows:

1. The Court finds that the following United States Trademark Registrations owned by Capriola (and exclusively licensed to LPV) are both valid and enforceable:

    (a) U.S. Trademark Registration No. 3,770,530 ("the '530 Registration") for the standard character mark **LASER PEGS** issued by the United States Patent & Trademark Office ("USPTO") on April 6, 2010 in International Class 28; and

    (b) U.S. Registration No. 4,299,368 ("the '368 Registration") for the standard character mark **LIGHT IT UP** issued by the USPTO on March 5, 2013 in International Class 28.

    The '530 Registration and the '368 Registration shall be collectively referred to herein as the "Capriola Marks" herein.

2. The Court further finds that the Capriola Marks are both strong, distinctive and have acquired secondary meaning in the marketplace.

3. The '530 Registration, as well as the underlying mark **LASER PEGS**, as used by Plaintiffs to advertise lighted construction set toys is hereby found not to be literally false as an advertisement and likewise does not constitute any form of false advertising actionable under Section 43(a) of the Lanham Act, or any related state cause of action.

4. It is further **ORDERED** that this Consent Final Judgment shall be deemed to have been served upon the Parties at the time of its execution by the Court.

5. The Court declines to retain jurisdiction over this action.

6. The Court finds that HAMPTON DIRECT, INC. and ON DEMAND DIRECT RESPONSE II, LLC are distinct and separate companies represented by separate counsel. Any violation of this Consent Final Judgment by one of them shall not constitute a violation of this Consent Final Judgment by the other. Similarly, any violation of a Settlement Agreement by one of them shall not constitute a violation of the Settlement Agreement by the other.

7. No appeals shall be taken from this Consent Final Judgment and the Parties waive all rights to appeal.

8. Defendants shall be dismissed from this lawsuit with prejudice with each Party bearing their own Attorneys' Fees and Costs.

9. The Clerk is directed to close the case.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida this 21st day of April, 2015.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies furnished to: *All Counsel of Record*